# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SCOTT MCGAHEE, MARK PIERSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL TIRE & BATTERY; TBC CORPORATION, <br><br> Defendants. | CASE NO. 3:19-cv-02289 <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiffs SCOTT MCGAHEE and MARK PIERSON (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, bring this action for damages and other legal and equitable relief from Defendants, NATIONAL TIRE & BATTERY ("NTB") and TBC CORPORATION ("TBC") (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. 201 *et seq.*, for violations of Title Two of the Texas Labor Code ("TLC") §§ 62.001 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

### INTRODUCTION

1. This is a collective/class action brought by Plaintiffs challenging acts committed by Defendants against Plaintiffs, and those similarly situated, which amounted to violations of federal and state wage and hour laws.

2. Plaintiff McGahee is a person who was employed by Defendants as a Service Manager. Defendants failed to pay Plaintiff McGahee, and all others similarly situated, with an overtime premium for all hours worked in excess of forty (40) hours per workweek.

**ORIGINAL COMPLAINT**

3. Plaintiff Pierson is a person who was employed by Defendants as a Lead Technician and Mechanic. Defendants failed to pay Plaintiff Pierson, and all others similarly situated, with an overtime premium for all hours worked in excess of forty (40) hours per workweek.

4. First, Defendants knowingly and willfully failed to pay Plaintiffs, and those similarly situated, the statutorily required overtime rate of time-and-a-half for hours worked beyond forty (40) in a workweek in violation of the FLSA and any other cause(s) of action that can be inferred from the fact set forth herein.

5. Plaintiffs, and those similarly situated, worked in excess of forty (40) hours per week, but were not paid overtime for all hours worked over forty (40) per workweek.

6. Second, Plaintiffs, and those similarly situated, worked off-the-clock during their meal break periods and were not paid for that time in violation of the FLSA and the TLC.

7. Plaintiffs, and those similarly situated, were given a one-hour meal break.

8. Plaintiffs, and those similarly situated, frequently performed work during their meal break periods.

9. However, Plaintiffs, and those similarly situated, were required to dock an hour when working during meal break periods.

10. Thus, Plaintiffs, and those similarly situated, were not paid for time worked off-the-clock during meal break periods.

11. Defendants sent an email to all District Managers that stated instructions for docking an hour for employees even when they worked off-the-clock during meal break periods.

12. Plaintiffs, and those similarly situated, were threatened by Defendants with write-ups if they did not dock an hour when working off-the-clock during meal break periods and were

**ORIGINAL COMPLAINT**

given write-ups if they did not have at least three (3) out of five (5) days showing docked meal break periods.

13. Defendants required, suffered, and permitted Plaintiffs, and those similarly situated, to work off-the-clock during their meal break periods but knowingly and willfully failed to pay them the statutorily required minimum wage for all hours worked in a workweek in violation of the FLSA, TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

14. Plaintiffs bring this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective of all Service Managers, Technicians, and Mechanics employed by Defendants during the past three (3) years through the final date of the disposition of this action who were not paid overtime for hours worked in excess of forty (40) hours per workweek and were required to work off-the-clock during their meal break periods in violation of the FLSA ("Collective Plaintiffs").

15. Plaintiffs additionally seek to maintain this action as a class action pursuant to FED. R. CIV. P. 23(b)(3), on behalf of all Service Managers, Technicians, and Mechanics employed by Defendants during the past three (3) years through the final date of the disposition of this action who were required to work off-the-clock during their meal break periods in violation of the TLC ("Texas Class").

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress

providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) under 29 U.S.C. § 216(b) *et. seq*.

17. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

18. Venue is proper in this Court pursuant to 29 U.S.C. §216(b), in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business, and reside in this district.

## THE PARTIES

19. Plaintiff McGahee is a citizen of Dallas County, Texas.

20. At all relevant times, Plaintiff McGahee, and those similarly situated, were employees who engaged in commerce or the production of goods within the meaning of the FLSA and TLC.

21. Plaintiff Pierson is a citizen of Tarrant County, Texas.

22. At all relevant times, Plaintiff Pierson, and those similarly situated, were employees who engaged in commerce or the production of goods within the meaning of the FLSA and TLC.

23. Defendant NTB is a for-profit Florida corporation located at 4280 Professional Center Dr., Suite 400, Palm Beach Gardens, Florida 33410 in Palm Beach County.

24. Defendant TBC is a for-profit Florida corporation located at 4300 TBC Way, Palm Beach Gardens, Florida 33410 in Palm Beach County.

**ORIGINAL COMPLAINT**

4

25. Defendants have at all relevant times been employers covered by the FLSA and the TLC.

26. Defendants have at all relevant times been enterprises engaged in commerce with the amount of qualifying annual volume of business for Defendants exceeding $500,000.

## STATEMENT OF THE FACTS

27. Defendant NTB is a for-profit corporation, which operates, maintains, and manages approximately ninety-six (96) service properties within the state of Texas and seven-hundred (700) service properties throughout the country. Defendant TBC is a for-profit corporation, which operates, maintains, and manages approximately three-thousand and two-hundred (3,200) service properties throughout the country.

28. Defendants employ a Service Manager, two to three Service Advisors, three to six Tire Techs, three to six Oil Techs, and one to three Mechanics at each of Defendants' NTB properties.

29. Service Managers have similar job duties at all locations and are subject to the same employment and pay policies.

30. Technicians have similar job duties at all locations and are subject to the same employment and pay policies.

31. Mechanics have similar job duties at all locations and are subject to the same employment and pay policies.

32. Plaintiff McGahee was employed by Defendants as a Service Manager from October 2014 to January 2019.

33. Plaintiff McGahee worked as a Service Manager for three of Defendants' properties: Lake Worth, Basswood, and Keller. Plaintiff McGahee also frequently traveled to sales meetings in Carrolton, Texas.

34. Plaintiff Pierson was employed by Defendants as a Lead Technician and Mechanic from November 2016 to March 2019.

35. Plaintiff Pierson worked as a Lead Technician and Mechanic at Defendants' property in Keller and Defendants' property in Basswood.

36. Service Managers, Technicians, and Mechanics reported to Defendants' NTB Store Managers and District Managers.

37. Plaintiffs, and those similarly situated, routinely worked approximately thirty (30) to fifty-five (55) or more hours per workweek.

38. Plaintiffs, and those similarly situated, were non-exempt, hourly employees.

39. However, Defendants did not compensate Plaintiffs, and those similarly situated, with an overtime premium for all hours worked in excess of forty (40) hours per workweek.

40. Rather, Defendants knowingly and willfully failed to pay them the statutorily required minimum wage for all hours worked in a workweek in violation of the FLSA and TLC.

41. Plaintiffs, and those similarly situated, were scheduled and were given an hour per workday for a meal break.

42. However, Plaintiffs, and those similarly situated, often worked through their meal break periods.

43. Plaintiffs, and those similarly situated, were routinely docked an hour for meal break periods even if they worked off-the-clock through their meal break periods.

**ORIGINAL COMPLAINT**

44. As a result, Plaintiffs, and those similarly situated, were not paid for working off-the-clock through their meal break periods.

45. Defendants threatened Plaintiffs, and those similarly situated, with write-ups if he did not dock hours for all other employees who worked off-the-clock during their meal break periods.

46. Defendants gave Plaintiffs, and those similarly situated, write-ups if they did not show at least three (3) out of five (5) days with docked hours when working off-the-clock.

47. Defendants sent an email to all District Managers with instructions to dock hours for employees, even when they worked off-the-clock during meal break periods.

48. Plaintiffs, and those similarly situated, were not paid for their meal break periods and were required to work off-the-clock during their meal break periods in violation of the FLSA and the TLC.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49. Plaintiffs seek to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on their own behalf as well as all other employees who were not paid when working off-the-clock during meal break periods (Collective Plaintiffs).

50. Plaintiffs define the FLSA Collective Class as follows: All Service Managers, Technicians, and Mechanics employed by Defendants during the past three (3) years through the final date of the disposition of this action who were not paid overtime for hours worked in excess of forty (40) hours per workweek and were required to work off-the-clock during their meal break periods.

51. At all relevant times, Plaintiffs were similarly situated to all Collective Plaintiffs because while employed by Defendants, Plaintiff and all Collective Plaintiffs, performed similar

**ORIGINAL COMPLAINT**

tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per workweek and were subject to Defendants' practices of willfully failing to pay them at the statutorily required rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek and requiring them to work off-the-clock during their meal break periods.

52. Defendants are and have been aware of the requirement to pay Plaintiffs and the Collective Plaintiffs at a rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully chose not to.

53. Defendants are and have been aware of the requirement to pay Plaintiffs and the Collective Plaintiffs at a rate of $7.25 per hour, yet willfully chose not to.

54. The Collective Plaintiffs are readily discernible and ascertainable. All Collective Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines.

55. The number of Collective Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

56. All questions relating to Defendants' violation of the FLSA share the common factual basis with Plaintiffs. No claims under the FLSA relating to the failure to pay statutorily required overtime premiums or failure to pay minimum wage for all hours worked are specific to Plaintiffs and the claims asserted by Plaintiffs are typical of those of members of the collective.

57. Plaintiffs will fairly and adequately represent the interests of the collective and have no interests conflicting with the collective.

58. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

59. Plaintiffs' attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

60. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Collective Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

61. The questions of law and fact are nearly identical for Collective Plaintiffs and therefore proceeding as a collective action is ideal.

## RULE 23 CLASS ACTION ALLEGATIONS

62. Plaintiffs additionally seek to maintain this action as a class action pursuant to FED. R. CIV. P. 23(b)(3), on behalf of those who, during the previous three years, were subjected to violations of the TLC (Texas Class).

63. The Class which Plaintiffs seek to define includes: All Service Managers, Technicians, and Mechanics employed by Defendants during the past three (3) years through the final date of the disposition of this action who were required to work off-the-clock during their meal break periods in violation of the TLC.

64. The number of class members protected by the TLC and who have suffered from Defendants' violation of the TLC, as set forth herein, are too numerous to join in a single action, necessitating class recognition.

65. All questions relating to the Class's allegations under the TLC share a common factual basis with those raised by the claims of Plaintiffs. No claims under the TLC relating to the denial of minimum wage are specific to Plaintiffs or any proposed Texas Class member and the claims of Plaintiffs are typical of those asserted by the proposed Texas Class.

66. Plaintiffs will fairly and adequately represent the interests of all members of the proposed Texas Class.

67. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated the TLC by failing to pay statutorily required minimum wage for all hours worked to all members of the proposed Texas Class.

68. The class members of the proposed Texas Class are readily discernable and ascertainable. Contact information for all members of the proposed Texas Class is readily available from Defendants since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the Rule 23 requirements.

69. Plaintiffs assert these claims on their own behalf as well as on behalf of the Texas Class Plaintiffs through their attorneys who are experienced in class action litigation as well as employment litigation.

70. Plaintiffs are able to fairly represent and properly protect the interests of the absent members of the proposed Texas Class and has no interests conflicting with those of the class.

71. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Texas Class

**ORIGINAL COMPLAINT**

Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the class's interests without their knowledge or contribution.

72. Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiffs' willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the Texas Class Plaintiffs' jobs and continued employment.

73. The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Texas Class, continued violations of the TLC will undoubtedly continue.

74. Whether Plaintiffs and the Texas Class Plaintiffs were properly compensated at the minimum wage for all hours worked is a common question which can readily be resolved through the class action process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Made by Plaintiffs on Behalf of All Collective Plaintiffs**

75. Plaintiffs and Collective Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76. Throughout the period covered by the applicable statute of limitations, Plaintiffs and Collective Plaintiffs were required to work and did in fact work in excess of forty (40) hours per work week, but were not paid overtime premium.

77. Plaintiffs and Collective Plaintiffs were not properly exempt from overtime pursuant to any overtime exemption.

**ORIGINAL COMPLAINT**

78. Upon information and belief, Defendants knowingly failed to pay Plaintiffs and Collective Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek.

79. Defendants' conduct was willful and lasted for the duration of the relevant time period.

80. Defendants' conduct was in violation of the Fair Labor Standards Act.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Made by Plaintiffs on Behalf of All Collective Plaintiffs**

81. Plaintiffs and Collective Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

82. Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiffs and Collective Plaintiffs the minimum wage for all hours worked off-the-clock due to Defendants' practice of requiring them to dock an hour for meal break periods even if they worked during their meal break periods.

83. Plaintiffs and Collective Plaintiffs are entitled to payment at the minimum wage for all hours worked.

84. Upon information and belief, Defendants knowingly failed to pay Plaintiffs and Collective Plaintiffs the statutory minimum wage for all hours worked in a workweek.

85. Defendants' conduct was willful and lasted for the duration of the relevant time period.

86. Defendants' conduct was in violation of the Fair Labor Standards Act.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Labor Code §§ 62.001 *et seq.*, Made by Plaintiffs on Behalf of All Texas Class Plaintiffs**

87. Plaintiffs and Texas Class Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

88. Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiffs and the Texas Class Plaintiffs the minimum wage for all hours worked off-the-clock due to Defendants' practice of requiring them to dock an hour for meal break periods even if they worked during their meal break periods.

89. Plaintiffs and the Texas Class Plaintiffs are entitled to payment at the minimum wage for all hours worked.

90. Upon information and belief, Defendants knowingly failed to pay Plaintiffs and the Texas Class Plaintiffs the statutory minimum wage for all hours worked in a workweek.

91. Defendants' conduct was willful and lasted for the duration of the relevant time period.

92. Defendants' conduct was in violation of the Texas Labor Code.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all FLSA Collective Plaintiffs and Texas Class Plaintiffs employed by Defendants, demands judgment against Defendants as follows:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime and minimum wages;

B.  Designation of Plaintiffs as representatives of the FLSA Collective and Rule 23 Class defined herein and Plaintiffs' counsel as Class Counsel;

C.  Equitable tolling of the FLSA statute of limitations;

D.  Certification of this action as a class action pursuant to FED. R. CIV. P. 23 for the purposes of the claims brought on behalf of all proposed Texas Class members under the Texas Labor Code;

E.  Demand a jury trial on these issues to determine liability and damages;

F.  Preliminary and permanent injunctions against Defendants and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

G.  A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. and the Texas Labor Code, §§ 62.001 *et seq.*;

H.  All damages which Plaintiffs and Collective Plaintiffs and Texas Class Plaintiffs have sustained as a result of Defendants' conduct, including back pay, liquidated damages, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

I.  An award to Plaintiffs and Collective Plaintiffs and Texas Class Plaintiffs of pre-judgment interest at the highest legal rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

J.  An award to Plaintiffs and Collective Plaintiffs and Texas Class Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K.  An award to Plaintiffs and Collective Plaintiffs and Texas Class Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties, including liquidated damages subject to proof;

L.  Awarding Plaintiffs and Collective Plaintiffs and Texas Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

M.  Pre-judgment and post-judgment interest, as provided by law; and

N.  Granting Plaintiffs and Collective Plaintiffs and Texas Class Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:   September 25, 2019                Respectfully submitted,

  */s/ Jay D. Ellwanger*

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Esha Rajendran
Texas State Bar No.24105968
erajendran@equalrights.law
**ELLWANGER LAW LLLP**
400 South Zang Blvd.
Suite 1015
Dallas, Texas 75208
Telephone: (737) 808-2260

**ATTORNEYS FOR PLAINTIFFS**

**ORIGINAL COMPLAINT**